**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

EDWARD EUGENE CADE                                    PETITIONER
Reg. #33494-177

v.                          Case No. 2:20-cv-00200 JTK

JOHN P. YATES[1], *Warden*,                              RESPONDENT
FCI-Forrest City

## MEMORANDUM AND ORDER

Pending before the Court is the third 28 U.S.C. § 2241 Petition for Writ of Habeas

Corpus filed by Petitioner, Edward Eugene Cade ("Cade"), an inmate at the Federal

Correctional Institution in Forrest City, Arkansas.  Cade challenges the validity of a sentence

imposed by the United States District Court for the Norther District of Texas, Dallas

Division, in *United States v. Cade*, Case No. 3:05-cr-139-L(1).  More specifically, Cade

challenges the federal sentencing court's determination of career offender status, pursuant

to United States Sentencing Guidelines ("USSG") § 4B1.1, based on a finding that a  Texas

state-court conviction for possession of a controlled substance with intent to deliver was a

"controlled substance offense."

### I.  Background

In 2006, Cade pleaded guilty to "possession with intent to distribute [six] 6 kilograms

or more of cocaine, 500 grams or more of cocaine base, and 1200 grams or more of

marijuana (Count 1) and to possession of a firearm during a drug trafficking offense (Count

---

[1]Substituted for former Warden Hendrix pursuant to Fed. R. Civ. P. 25(d).

2).”  *United States of America v. Edward Eugene Cade*, 296 Fed. Appx. 431 (5th Cir. 2008); *see also* Doc. No. 9-1, Exhibit A.  On January 16, 2007, the Court sentenced Cade below the advisory guideline range to 216 months of imprisonment on Count 1 and to the statutory minimum of sixty (60) months on Count 2, to be served consecutively for an aggregate 276 month sentence.  On appeal, Cade argued, as he consistently has, that the district court erred in enhancing his sentence as a career offender pursuant to USSG § 4B1.1 based on a finding his Texas conviction for possession of a controlled substance with intent to deliver was a "controlled substance offense."  He conceded, however, his argument was foreclosed by *United States v. Ford*, 509 F.3d 714, 717 (5th Cir. 2007), *cert. denied*, 555 U.S. 831 (2008), where at that time, the Fifth Circuit held the Texas crime of possession with intent to deliver a controlled-substance was a controlled substance offense within the meaning of USSG section 4B1.1.  As a result, the Fifth Circuit Court of Appeals granted the government's motion for summary affirmance and affirmed the district court.  *Id.*

Cade then timely filed a § 2255 motion where he raised two ineffective assistance of counsel claims.  A magistrate judge in Texas entered findings, conclusions, and a recommendation to the presiding district judge, and Cade filed objections addressing his sentence and the merits of his case rather than his claims of ineffective assistance of counsel. The court considered each of those objections in turn on the merits, including the career-offender enhancement based on the Texas state conviction, and thereafter, adopted the recommendation that the motion be denied.  *See Cade v. United States*, 2012 WL 20481 (N.D. Texas Jan. 3, 2012).  He did not appeal that determination.

2

Since its determination that a Texas state conviction for possession with intent to deliver a controlled substance constitutes a controlled-substance offense under USSG section 4B1.1, the Fifth Circuit abrogated *Ford* following the United States Supreme Court's 2016 decision in *United States v. Mathis,* ___ U.S. ____, 136 S. Ct. 2243 (2016).[2]  After *Mathis*, the Fifth Circuit again addressed whether a Texas delivery of a controlled substance offense was a controlled-substance offense under the guidelines, and it determined the Texas statute criminalizing possession with intent to deliver was indivisible and not a controlled substance offense under the sentencing guideline.  *See United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017), *supplemented by*, 854 F.3d 284 (5th Cir. 2017).

Cade has filed two § 2241 motions in the Eastern District of Arkansas, *Cade v. Rivera*, Case No. 2:16-cv-00131 BSM-PSH  and *Cade v. Beasley*, 2:17-cv-00134 JLH-JTK.  In both, the Court dismissed, finding it lacked jurisdiction.  The first of those dismissals was without prejudice so that Cade might petition the Fifth Circuit Court of Appeals for permission to file a second or successive petition under 28 U.S.C. § 2255.  On January 29, 2018, Cade filed in the Texas federal sentencing court a motion for relief from judgment under Federal Rule of Civil Procedure 60, claiming his sentencing enhancement was unlawful.  The Court construed the motion as successive under § 2255, and the matter was transferred to the Fifth

_____

[2]On June 23, 2016, the United States Supreme Court decided *Mathis*, which clarified when and how the categorical approach should be applied to determine whether prior convictions qualified to support sentencing under the Armed Career Criminal Act (ACCA).

Circuit.  *See Cade v. United States*, 2020 WL 5077437 (N.D. Texas 2020) (findings and recommendation), 2020 WL 5057399 (N.D. Texas 2020) (adopting recommendation).  On March 12, 2021, the Fifth Circuit Court of Appeals dismissed the appeal pursuant to its Rule 42 for Cade's failure to comply with its notices of August 27, 2020 and February 2021.[3] (Doc. No. 9-2, Exhibit 2)

In this third § 2241 petition brought in this district, Cade again challenges the application of the career-offender enhancement to his sentence, arguing it was erroneously applied to his sentence in light of subsequent case law establishing that his predicate offense was not a "controlled substance offense." Cade sought to present both a successive petition using § 2255 in the Fifth Circuit Court of Appeals and a challenge under § 2241 here in his district of incarceration.  The Fifth Circuit did not deny him the right to a successive petition on the merits; however, it did dismiss the successive § 2255 motion for Cade's failure to respond.  What remains is Cade's attempt to challenge his sentence now under § 2241.

In response to the instant petition, Respondent submitted its Response on January 7, 2021. (Doc. No.9)  Respondent contends the petition is successive, and perhaps more importantly, that Cade has failed to show his § 2255 remedy in the sentencing court is inadequate or ineffective.

---

[3]The Court takes judicial notice of the docket of the Fifth Circuit Court of Appeals in Case No. 20-10873, *In Re: Edward Cade*.  *See Stutzka v. McCarvile*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

## II. Discussion

Cade argues he is actually innocent of his underlying career offender sentence imposed under USSG § 4B1.1 based on a finding that his Texas conviction for possession of a controlled substance with intent to deliver was a "controlled substance offense." (Doc. No. 1, pp. 6-7)  To qualify under USSG § 4B1.1 as a career offender, the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense.[4]"

Cade takes the position that, in light of the *Ford* abrogation, the predicate state conviction for possession with intent to deliver a controlled substance previously used to support his career-offender status no longer qualifies as a "controlled substance offense" under the USSG for career offender purposes.  What the Court must decide here is whether the § 2255 remedy in the sentencing court is so inadequate or ineffective to test the legality of detention that it triggers a collateral challenge under § 2241.

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005). A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his original

---

[4]"The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  *See* USSG section 4B1.2(b).

conviction or sentence under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated the remedy provided by § 2255 is "inadequate or ineffective to test the legality of the detention." 28 U.S.C. § 2255(e); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). Thus, petitioners challenging the validity of their convictions through § 2241 must show that § 2255 would be inadequate or ineffective. *Abdullah v. Hedrick*, 392 F.3d at 959. The "inadequate or ineffective" remedy exception is often called the "savings clause," *id.* at 959, because when it applies, it can save a § 2241 habeas petition from being dismissed under § 2255's exclusive remedy rule. Petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See Lopez-Lopez v. United States*, 590 F.3d 905, 907 (8th Cir. 2010).

The Eighth Circuit Court of Appeals has specifically held that a § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Id.*; *see also Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009); *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). Moreover, a procedural barrier may prevent a petitioner from pursuing section 2255 relief, but it alone does not render the remedy "inadequate or ineffective" under the savings clause. *Lopez-Lopez*, 590 F.3d at 907 (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

A.      **Successive Habeas Corpus Petitions Pursuant to § 2241 and the § 2255 Savings Clause**

In *Abdullah v. Hedrick*, 392 F.3d at 962, in consideration of whether a federal prisoner could successively utilize the savings clause of § 2255 to bring a petition for a writ of habeas corpus under § 2241, the Eighth Circuit looked to the Fourth and Fifth Circuits for guidance on when § 2255 may be inadequate or ineffective to test the legality of a conviction.  Those cases allowed the use of § 2241 through the savings clause of § 2255 when a petitioner asserts a viable claim of actual innocence but had not had an earlier procedural opportunity to raise the claim.  *See In re Jones*, 226 F.3d 328 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001)).  In *Reyes-Requena*, the Fifth Circuit held the savings clause of § 2255 applied to a claim (1) if the claim is based on a retroactively applicable Supreme Court decision which establishes that a petitioner may have been convicted of a nonexistent offense and (2) if the claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.  *Reyes-Requena v. United States*, 243 F.3d at 904.

In bringing his claim based on the career-offender enhancement, Cade has presented a claim based on the Supreme Court's decision in *Mathis* and subsequent Fifth Circuit precedent that establishes his sentence may have been erroneously enhanced based on the sentencing court's finding that his Texas state-court conviction was a "controlled substance offense" under USSG § 4B1.1.  This claim was foreclosed by circuit law of the Fifth Circuit at the time when Cade's claim should have been raised in his trial, appeal, or first § 2255

7

motion.  In light of these facts, the question then becomes whether Cade can bring this section 2241 action under the savings clause of § 2255 since his federal conviction was enhanced as a career offender due to a Texas conviction that has now been determined not to be a controlled substance offense under the guidelines.

**B.     28 U.S.C. § 2255 Savings Clause and the application of § 2241 to sentence-enhancement challenges**

There is no precedent in our circuit that addresses whether a misapplied sentence enhancement under the sentencing guidelines constitutes a fundamental error that may be redressed in a successive habeas corpus proceeding.  While the exact scope of the savings clause and its application to a collateral sentence-enhancement challenge under § 2241 is yet to be determined in our circuit, we are not without some guidance governing what constitutes a predicate offense for sentence-enhancement purposes.  Several circuit courts authorize petitions under § 2241 in a "narrow subset of § 2241 petitions" for (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.  *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016) (discussing the savings clause of § 2255(e)); *see also Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (stating that a petitioner must show: (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error

Case 2:20-cv-00200-JTK   Document 11   Filed 05/12/21   Page 9 of 15

sufficiently grave to be deemed a miscarriage of justice or a fundamental defect in order to invoke the savings clause); *Williams v. Warden*, *Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013) (interpreting prior precedent to allow application of the savings clause "when a fundamental defect in sentencing occurred and the petitioner [has] not had an opportunity to obtain judicial correction of that defect earlier" (internal quotation marks omitted)).

In *Booker*, the United States Supreme Court held the Sentencing Guidelines were no longer mandatory but instead advisory. *United States v. Booker*, 543 U.S. at 263-64. Because serving a sentence imposed above the statutory maximum shares similarities with serving a retroactively-lowered sentence imposed under mandatory guidelines, the Court assumes without deciding that the § 2255 savings clause applies to those sentenced pre-*Booker*. *See Hill v. Masters*, 836 F.3d at 599 (*"Hill* was sentenced pre-*Booker* when courts were required to sentence within the guidelines ranges, absent specific limited circumstances. Serving a sentence imposed under mandatory guidelines (subsequently lowered by retroactive Supreme Court precedent) shares similarities with serving a sentence imposed above the statutory maximum. Both sentences are beyond what is called for by law[.]").

**C.     28 U.S.C. § 2255 Savings Clause and its applicability to intervening statutory decisions**

"At this point, the Eighth Circuit has not expressly decided whether intervening statutory interpretation decisions render section 2255 inadequate or ineffective, and the various federal circuits are divided on this issue." *See Winston v. Hendrix*, Case No. 2:20-cv-

00055 JTK.  In *Winston*, the undersigned joined the majority of Circuit courts in finding the savings clause applied to intervening rules of statutory interpretation and agreed with the Seventh Circuit Court of Appeals' interpretation of inadequate:  a direct challenge to longstanding circuit precedent is not an "adequate" opportunity to challenge the legality of a conviction.  *Winston*, *supra* (citing *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)). As noted in *Winston*, this is so:

> because, although a prisoner may raise such a claim in a *first* motion for relief under § 2255, new rules of statutory law (as opposed to constitutional law) are not a basis for authorizing a *successive* motion for relief under § 2255.  *See* 28 U.S.C. § 2255(h).  Thus, a prisoner may be left with a valid claim for relief — that an intervening change of statutory law has resulted in a viable claim that she was innocent of the offense for which she was convicted — and yet have no procedural vehicle through which to bring such a claim.

*Winston v. Hendrix,* Case No. 2:20-cv-00055 JTK (citing *Coleman v. Barnes*, No. 18-cv-1682 (NEB/TNL), 2018 U.S. Dist. LEXIS 216222, at *6 (D. Minn. Oct. 10, 2018). A petitioner does not have an adequate or effective way to raise a challenge to the legality of his detention where

> (1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.

*See Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).

  *i.*  *Is Mathis a new retroactive rule of statutory interpretation?*

The Eighth Circuit has yet to announce whether it deems *Mathis* to be a retroactive

rule of statutory interpretation that can render § 2255(e) inadequate or ineffective, but it has agreed with other circuits that *Mathis* is not a new rule of constitutional law made retroactive by the United States Supreme Court. *See Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018) ("The recent Supreme Court decisions on which he relies —— *Descamps* [*v. United States*, 570 U.S. 254 (2013)] and *Mathis* — did not announce 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.'") In deciding *Mathis* is a new retroactive rule of statutory interpretation, the Sixth Circuit, applying *Hill v. Masters,* agreed with the parties that there was no dispute *Mathis* was a retroactive case of statutory interpretation. *See McCormick v. Butler*, 977 F.3d 521, 526 (6th Cir. 2020); *Hill v. Masters*, 836 F.3d at 595, 599-600 (holding that, when the habeas petition attacks a sentence rather than a conviction, the test is not whether the defendant is actually innocent but rather whether "the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or fundamental defect," and that a now erroneous career-offender sentence imposed under the mandatory guidelines satisfies this test). The Seventh Circuit assumed without deciding *Mathis* was retroactive because the government conceded as much. *Chazen v. Marske*, 938 F.3d 851, 861 (7th Cir. 2019) ("As an initial matter, the government conceded in the district court that *Mathis* is retroactive. We have likewise suggested (without deciding) that *Mathis* is retroactive.").

Here, the undersigned assumes without deciding that *Mathis* is a retroactive rule of statutory interpretation. *See Wilson v. Lowry*, 2017 WL 5158654 (D. Minn. Nov. 7, 2017)

(*McFee* is a statutory case, not a constitutional one rooted in *Mathis*, a statutory interpretation case); *United States v. McFee*, 842 F.3d 572, 577 (8th Cir. 2016) (interpreting *Mathis*, McFee's prior conviction for terroristic threats not an ACCA predicate offense qualifying him as an armed career criminal under the act).

*ii.  Is the Savings Clause Satisfied?*

While Cade is "in custody" and his Texas state conviction for possession with intent to deliver a controlled substance may no longer be deemed a "controlled substance offense" under USSG § 4B1.1 for the purposes of enhancing his federal sentence as a career offender, the undersigned finds Cade can show as a matter of law that he cannot satisfy the requirements for a second or successive motion under § 2255.  He does not present newly discovered evidence, so his only argument would be that *Mathis* is a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).  The Eighth Circuit has already held *Mathis* is not a constitutional case and was not *made* retroactive. *See Martin v. United States*, 904 F.3d at 597 (emphasis added); *Winston*, *supra* (recognizing the distinction of a rule that *is* retroactive and a rule *made* retroactive).

*iii.  Is the error grave enough to be deemed a miscarriage of justice?*

Lastly, Cade must demonstrate there has been a "fundamental defect" grave enough to be deemed a miscarriage of justice. It is still an open question in the Sixth Circuit whether Cade's post-*Booker* sentence would qualify under the savings clause jurisprudence; however,

12

were we to follow the Fourth or Seventh Circuits, his post-*Booker* sentence as a career offender would not meet the requirements for its savings-clause rule.  Under the post-*Booker* advisory sentencing guidelines, there is no miscarriage of justice as long as the sentence imposed is within the statutory sentencing range.  *See Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019) (citing *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014); *Hawkins v. United States*, 706 F.3d 820, 824-25 (7th Cir. 2013)); *Baker v. Williams*, No. 20-CV-772-NJR, 2020 WL 6701143, at *3 (S.D. Ill. Nov. 12, 2020) ("an erroneous application of the advisory guidelines does not amount to a 'miscarriage of justice' (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit"); *cf. Chazen*, 938 F.3d at 856 (noting error is a miscarriage of justice cognizable in § 2241 where prior conviction erroneously established statutory minimum sentence of 15 years under the ACCA).  Thus, while *Mathis* may provide a basis for § 2241 habeas relief for a sentence under the ACCA or under mandatory sentencing guidelines, it does not provide a basis for relief for an advisory guideline sentence within the statutory range. *Hanson*, 941 F.3d at 878.

As previously noted, only under very limited circumstances may new, retroactive rules of statutory interpretation be brought by § 2241 under the savings clause.  *See Hill v. Masters*, 836 F.3d at 595, 599-600; *Brown v. Caraway*, 719 F.3d at 585-86. Cade was not sentenced under either the pre-*Booker* mandatory guidelines or with an increased mandatory statutory minimum as an armed career criminal. He was sentenced as a career offender under the advisory guidelines, and his statutory exposure was ten (10) years to life. *See* 21 U.S.C.

§ 841(b)(1)(A)(iii). By only addressing an increased mandatory minimum under ACCA in *McCormick*, the Sixth Circuit left open the question of whether a post-*Booker* advisory sentence would also qualify under its savings clause jurisprudence. *See McCormick v. Butler*, 977 F.3d at 529 ("Because McCormick could seek relief from his now invalid sentence through the § 2255(e) savings clause regardless of whether he was sentenced under mandatory or advisory guidelines, we need not address the open question of whether the exception recognized in *Hill* applies to sentences calculated under post-*Booker* advisory guidelines"). However, the Seventh Circuit has stated that a post-*Booker* advisory sentence as a career offender does not meet the requirements for its savings-clause rule. *Hanson v. United States*, 941 F.3d at 878 ("While *Mathis* may provide a basis for awarding habeas relief under 28 U.S.C. § 2241 from an Armed Career Criminal Act sentence as in *Chazen*, the reasoning of *Chazen* does not extend to providing habeas relief from an application of the advisory Guidelines."). Likewise, the Fourth Circuit has held that its savings-clause jurisprudence would not apply to someone sentenced under the post-*Booker* advisory guidelines. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018) ('[*United States v.*] *Foote* [784 F.3d 931 (4th Cir. 2015)] undoubtedly would bar Lester's [section 2241 via the savings clause] petition had he been sentenced under the advisory Guidelines.").

The Texas federal court sentenced Cade as a career offender under the post-*Booker* advisory guidelines. Thus, his 216 month sentence did not exceed the unenhanced statutory range of ten (10) years to life for the cocaine distribution conviction. Therefore, Cade's

petition does not meet the criteria to bring his claim within § 2255(e)'s savings clause, even if the sentencing court was mistaken in applying the career-offender enhancement (USSG § 4B1.1, § 4B1.2).

### III.  Conclusion

Because Cade cannot satisfy the savings clause of § 2255(e), his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998).  The petition, Doc. No. 1, is dismissed because Cade cannot proceed via the § 2241 portal.

SO ORDERED this 12th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

15